**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BENCHMARK MUNICIPAL TAX LIEN SERVICES, LTD.,<br>    *Plaintiff*,<br><br>    v.<br><br>CHARLES E. LEWIS,<br>    *Defendant*. | No. 3:19-cv-1096 (VAB) |

**RULING AND ORDER ON MOTION TO REMAND**

On July 16, 2019, Charles E. Lewis ("Defendant"), *pro se*, filed a notice of removal from Superior Court in Bridgeport, CT ("Superior Court"). Notice of Removal, ECF No. 1 (July 16, 2019).

On October 7, 2019, Benchmark Municipal Tax Lien Services, Ltd. ("Plaintiff" or "Benchmark Municipal") moved to remand the case to Superior Court. Mot. for Remand, ECF No. 9 (Oct. 7, 2019). Benchmark Municipal has also moved to expedite disposition of the motion for remand. Mot. to Expedite Disposition of Mot. for Remand, ECF No. 12 (Feb. 28, 2020) ("Mot. to Expedite").

For the reasons stated below, the motion to remand is **GRANTED**, and the motion to expedite is **MOOT**.

**I.    BACKGROUND**

On August 31, 2018, Benchmark Municipal brought an action in Superior Court to foreclose certain municipal tax liens arising from Mr. Lewis's unpaid property taxes upon the real estate at 1682 Reservoir Avenue in Bridgeport, CT (the "Property"). Notice of Removal at 4 ¶¶ 1–3, 5 ¶¶ 3–5, 6 ¶¶ 3–5. The City of Bridgeport had previously assigned the tax liens to Benchmark Municipal. *Id.* at 2 ¶ 7, 6 ¶ 7, 7 ¶ 7.

On January 2, 2019, the Superior Court entered a judgment in favor of Benchmark Municipal for foreclosure by sale. *Benchmark Municipal Tax Servs., Ltd. v. Charles Lewis*, No. FBTCV186079522S, Order, Entry No. 106.10 (Conn. Super. Ct. Jan. 2, 2019) ("Foreclosure Judgment").

On May 3, 2019, the Superior Court denied Mr. Lewis's motion to open its judgment. *Benchmark Municipal Tax Servs., Ltd. v. Charles Lewis*, No. FBTCV186079522S, Order, Entry No. 120.10 (Conn. Super. Ct. May 3, 2019). The Superior Court ordered the foreclosure sale to "to go forward as scheduled on May 4, 2019," and also ordered additional attorney's fees for Benchmark Municipal. *Id.*

On July 9, 2019, the Superior Court approved the foreclosure sale. *Benchmark Municipal Tax Servs., Ltd. v. Charles Lewis*, No. FBTCV186079522S, Order, Entry No. 123.70 (Conn. Super. Ct. July 9, 2019).

On July 16, 2019, Mr. Lewis filed a notice of removal in this Court. Notice of Removal.

On September 13, 2019, Mr. Lewis filed a motion for reconsideration of the notice of removal. Mot. for Recons., ECF No. 6 (Sept. 13, 2019).

On September 23, 2019, the Court denied the motion to reconsideration, and stated:

> Although the relief requested in the motion is not clear, to the extent that Mr. Lewis no longer wishes for this case to be before this Court, he may file a motion to remand the case back to state court. To the extent that Mr. Lewis is seeking to have this case treated as a criminal rather than a civil matter, the Court has no authority to do so.

Ruling and Order on Mot. for Recons., ECF No. 8 at 1 (Sept. 23, 2019) (citations omitted).

On October 7, 2019, Benchmark Municipal moved to remand the case back to Superior Court. Mot. to Remand; Mem. in Supp. of Mot. for Remand, ECF No. 9-1 (Oct. 7, 2019) ("Pl.'s Mem.").

2

On February 28, 2020, Benchmark Municipal moved to expedite the disposition of its motion to remand. Mot. to Expedite.

On March 27, 2020, Mr. Lewis untimely filed his response to the motion to remand and motion to expedite. Resp., ECF No. 13 (Mar. 27, 2020).

## II.     STANDARD OF REVIEW

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Defendant has the burden of demonstrating that removal of a case to federal court is proper. *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). The Court must "resolve any doubts against removability," out of "respect for the limited jurisdiction of the federal courts and the rights of states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted).

Complaints filed by *pro se* litigants, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

### III. DISCUSSION

Benchmark Municipal argues this case should be remanded for five reasons:

> (1) there is no diversity of jurisdiction; (2) there is no federal question; (3) the case went to judgment in state court seven months before removal; (4) the case involves the foreclosure of municipal tax liens, which is purely a matter of Connecticut law; and (5) the Defendant failed to remove the case within thirty (30) days after the date on which he first became a party to the action as required by 28 USC 1441.

Pl.'s Mem. at 2.

First, Benchmark Municipal argues that "all parties reside in Connecticut, and . . . none are foreign states. Consequently, there is no diversity jurisdiction pursuant to 28 U.S. Code § 1332." Pl.'s Mem. at 3. Benchmark Municipal next contends that "a review of the Complaint . . . clearly shows" that underlying action is governed by Connecticut General Statutes § 49-1 *et seq.*, so there is no federal question jurisdiction either. *Id.* According to Benchmark Municipal, Mr. Lewis has not met his burden of "demonstrating that removal was proper and appropriate." *Id.* at 3–4. Consequently, Benchmark Municipal asserts there is no subject matter jurisdiction. *Id.* at 4–5. Furthermore, "Defendant's removal petition was not timely under any reasonable interpretation" of 28 U.S.C. § 1441, "which permits removal within thirty days after the date on which he first became a party to that action." *Id.* at 4.

The Court agrees.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

The Court construes Mr. Lewis's main legal argument to be that Benchmark Municipal—in addition to the Superior Court and the judicial system—effected fraud upon him. The below is indicative of his claims and arguments:

> Without contractual proof-of-claim provided in evidence, this living, breathing, sentient man, NOT PERSON, repudiates and renounces any / all other claims, assumptions, presumptions, suppositions, innuendo, averments, and all attempted defined legal latching, attempting to infer or confer upon me, any non God, PERSON-produced, corporatizing, legalizing, fictionalizing (corporate) dead entity suggesting I am other than the living, breathing, sentient, carbon based, NON-PERSON, man situated here irrefutably as Gods creation wherever on the Creators earth or in any other place in creation I may at any time physically be.

Resp. at 5–6. Mr. Lewis seems to argue that Benchmark Municipal cannot provide proof that the Property "is used for income producing, revenue generating, commercial purposes," and so the taxes and liens are unlawful. *Id.* at 7.

As for this Court's jurisdiction, Mr. Lewis claims a violation of 18 U.S.C. § 514, which criminalizes the making of fictitious obligations, or fraudulent documents. *Id.* at 10; *see also* Notice of Removal at 1 ("per the criminal code . . . fictitious complainant has sought to use conversion to attach liability to the living being where the property . . . is attempting to be used to collect on a falsified bounty" (internal formatting omitted)). Mr. Lewis "request[s] dismissal of this matter, with prejudice, and request[s] damages awarded for the amount of the Courts [sic] discernment / discretion for such attorned [sic] attempted piratical theft." *Id.*

This Court has previously explained to Mr. Lewis that "[t]o the extent that Mr. Lewis is seeking to have this case treated as a criminal rather than a civil matter, the Court has no authority to do so." Ruling and Order on Mot. for Recons. at 1 (citing *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not

as has sometimes been done in Anglo-American jurisdictions by private complaints.")). "[O]nly the Attorney General or a U.S. attorney may initiate a [federal] criminal prosecution in federal district court," *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973); "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Furthermore, Mr. Lewis has not met his burden of establishing the Court's subject matter jurisdiction here.

Even reading Mr. Lewis's filings liberally to raise the strongest argument they may suggest, as required in this Circuit when analyzing *pro se* filings, the Court cannot identify any plausible basis for federal question or diversity jurisdiction here. "[E]ven a *pro se* complaint must ultimately meet this threshold plausibility requirement—that is, to allege facts that state a claim for relief that is plausible on its face." *Lapaglia v. Transam. Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016) (citing *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015)). The same standard applies to a *pro se* notice of removal. *See, e.g.*, *First Horizon Home Loans v. Man Yi Cindy Ng*, No. 09 Civ. 7274 (SCR) (PED), 2010 WL 4258752, at *1–2 (S.D.N.Y. Apr. 12, 2010) (recommending remand where *pro se* defendant claimed federal question jurisdiction in her removal papers but where action did not appear to present any federal question), *report and recommendation adopted*, 2010 WL 4258523 (S.D.N.Y. Oct. 27, 2010).

First, as to federal question jurisdiction, as the Court has already explained, it has no authority to treat this case as a criminal matter, and certainly not when the underlying action is a municipal tax lien foreclosure under Connecticut General Statutes § 49-1 *et seq*. Because the underlying action does not arise "under the Constitution, laws, or treaties of the United States," Mr. Lewis cannot invoke the federal question jurisdiction of this Court. 28 U.S.C. § 1331.

Second, "it is well established that 'the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (quoting *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if a party opposing jurisdiction properly challenges those allegations, or if the court *sua sponte* raises the question." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (internal citations and quotation marks omitted).

Based on a review of the underlying tax lien foreclosure complaint, which is attached to Mr. Lewis's Notice of Removal, Mr. Lewis has failed to meet his burden in persuading the Court that the parties are diverse. *See Herrick*, 251 F.3d at 324 ("Because the burden of establishing diversity remains with Herrick, this failure is fatal to Herrick's arguments that it and Skadden are diverse."). In fact, both Benchmark Municipal and Mr. Lewis are residents of Connecticut. As a result, Mr. Lewis cannot invoke diversity jurisdiction. 28 U.S.C. § 1332.

Accordingly, the case will be dismissed for lack of subject matter jurisdiction, and the Court will not reach the other arguments in favor of remand raised by Benchmark Municipal.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for remand, and **finds as MOOT** Plaintiff's motion to expedite.

The Clerk of Court is directed to remand this case to the Superior Court for the State of Connecticut in the Judicial District of Fairfield at Bridgeport, Connecticut, and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of May, 2020.

                                                  /s/ Victor A. Bolden
                                                Victor A. Bolden
                                                United States District Judge